IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Paul Cisneroz,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV 15-02000-PHX-JJT (DMF)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

　　Petitioner Michael Paul Cisneroz ("Petitioner" or "Cisneroz"), is currently incarcerated in the in the Arizona State Prison Complex-Douglas in Douglas, Arizona, serving a twenty year imprisonment sentence arising from conviction in the Maricopa County Superior Court, case #CR2006-151384, of two counts of second degree murder. Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) on October 2, 2015. In an October 15, 2015 Order (Doc. 4), the Court required an answer to the Petition. Respondents filed a Limited Answer (Doc. 10) asserting that the Petition should be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and in any event, Petitioner's claims are unexhausted and procedurally defaulted. Petitioner filed a Reply (Doc. 11), and the matter is fully briefed. For the reasons below, the Court recommends that the Petition be denied as untimely because it was filed on October 2, 2015—nearly 6 years after AEDPA's 1-year statute of limitations expired.

I.   **BACKGROUND**

　　A.   **Proceedings Leading to Conviction and Sentence**

On August 29, 2006, the State of Arizona indicted Petitioner, charging him with: two counts of second-degree murder, class 1 and dangerous felonies (Counts 1 & 2); and two counts of aggravated assault, class 3 and dangerous felonies (Counts 3 & 4) (Exhibit A, Doc. 10-1 at 1-6).[1]  The underlying facts were as follows:

> On August 19, 2006, the defendant was driving a vehicle at a high rate of speed (102 miles per hour) and racing another vehicle when he collided with the victim's vehicle. Nanci Castillo was driving the vehicle and Lisa Fernandez was a passenger in her vehicle and both were killed. Emmanuel Ruiz and Wesly Sanchez were passengers in the defendant's vehicle and both sustained non-life threatening injuries. Witnesses and police officers noticed signs of alcohol use by the defendant and he did not have a current driver's license. Upon arrest, the defendant stated he was not driving the vehicle and he did not recall the accident. A blood test was conducted and the defendant received results of .225% blood/alcohol content.

(Exhibit E, Doc. 10-1 at 52-54).[2]  Plaintiff had no recollection of the events because of the amount of alcohol he consumed and/or the head injury with unconsciousness (a coma of unspecified duration) he suffered from the collision (Doc. 1 at 11, 13, 26-28; Doc. 11 at 4).

The State and Petitioner entered into a stipulated plea agreement, whereby Petitioner plead no contest to two counts of second-degree murder, class 1 and dangerous felonies, and one count of aggravated assault, a class 3 felony (Exhibit B, Doc. 10-1 at 7-11; Exhibit C, Doc. 10-1 at 12-15; Exhibit D, Doc. 10-1 at 22, 38-49).   Also pursuant to the plea agreement, the State agreed to dismiss Count 4 (Exhibit B, Doc. 10-1 at 7-11; Exhibit D, Doc. 10-1 at 38.)  Before entering into the agreement, Cisneroz acknowledged

---

[1] The referenced alphabetical exhibits were submitted with Respondents' Limited Answer, Doc. 10.  The document and page references herein are to this Court's electronic record.

[2] In Arizona, the factual basis for a no-contest plea may be ascertained from the record including presentence reports, preliminary hearing reports, admissions of the defendant, and from other sources. *State v. McVay*, 131 Ariz. 369, 373, 641 P.2d 857, 861 (1982).

that he understood the plea would subject him to a prison term ranging from 18 to 22 years (Exhibit D, Doc. 10-1 at  22, 38-49; *see al*so Exhibit B, Doc. 10-1 at 7-11). Petitioner then formally pleaded no contest, pursuant to the agreement, and the trial court accepted Petitioner's no contest pleas (Exhibit D, Doc. 10-1 at  22, 38 -49).

In accordance with the plea agreement, on December 14, 2007, the trial court sentenced Petitioner to concurrent 20-year terms of imprisonment for the murder convictions and a consecutive term of community supervision for the aggravated-assault conviction (Exhibit F, Doc. 10-1 at 55-61; Exhibit G, Doc. 10-1 at 142-143).

### B.     Appeal and PCR Proceedings

Petitioner did not appeal his conviction and sentence, which he could not do, in any event, because he was convicted by plea agreement.[3]  Petitioner initiated two PCR proceedings in the state courts.  Petitioner abandoned the first PCR proceeding, and the second PCR proceeding was untimely.

Regarding the first and timely PCR proceeding, on January 10, 2008, Petitioner filed a notice of post-conviction relief ("PCR") (Exhibit H, Doc. 10-1 at 149-151).  The superior court appointed PCR counsel (Exhibit I, Doc. 10-1 at 152-154), who subsequently filed a notice stating that he thoroughly reviewed the record and "could not find any viable issues or colorable claims" (Exhibit J, Doc. 10-1 at 155-160). Accordingly, PCR counsel requested an extension of time for Petitioner to file a pro se PCR petition, which the superior court granted  (Exhibit K, Doc. 10-1 at 161-163).

Petitioner subsequently filed a "Motion for Rule 32 Post-Conviction Relief" on June 3, 2008 (Exhibit L, Doc. 10-1 at 164-166).  However, the motion did not comply with the applicable procedural rules, so the superior court struck the motion and instructed Petitioner on how to properly file a pro se PCR petition (Exhibit M, Doc. 10-1 at 167-169).  The superior court also granted Petitioner additional time to file a proper PCR petition (*Id.*).  Petitioner did not file a proper PCR petition within the set timeframe.

---

[3] *See A.R.S. § 13–4033(B); Summers v. Schriro*, 481 F.3d 710, 711-717 (9th Cir. 2007) (concluding that an "'of right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty or no contest, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)")

Thus, the superior court dismissed the PCR proceeding on September 4, 2008 (Exhibit N, Doc. 10-1 at 170-171). Petitioner did not appeal the dismissal (*see* Exhibit S, Doc. 10-2 at 92-98).

More than four years later, on March 7, 2013, Petitioner initiated his second PCR proceeding (Exhibits O & P, Doc. 10-1 at 173-176 & Doc. 10-2 at 1-80). On March 19, 2013, the superior court dismissed the proceeding after concluding that it was both untimely and failed to state a colorable claim for which relief could be granted in an untimely PCR proceeding (Exhibit Q, Doc. 10-2 at 81-84). Petitioner appealed the superior court's dismissal by filing a petition for review with the Arizona Court of Appeals (*see* Exhibit S, Doc. 10-2 at 92-98) On October 15, 2014, the court of appeals issued a memorandum decision that affirmed the superior court's dismissal (Exhibit R, Doc. 10-2 at 85-91). Cisneroz did not appeal the court of appeals' decision to the Arizona Supreme Court (*Id.*).

## II.  PETITIONER'S HABEAS CLAIMS

On October 2, 2015[4], Cisneroz filed the present habeas petition (Doc. 1). On October 15, 2015, this Court ordered Respondents to answer the Petition, but it permitted Respondents to file an answer limited to affirmative defenses (Doc. 4.) In Petition Ground One, Cisnreroz alleges that the charges and indictment were "multiplicitous." In Petition Ground Two, he alleges that prosecutor committed misconduct, and subjected him to vindictive prosecution. In Petition Ground Three, he alleges that the court failed to conduct a competency hearing. In Petition Ground Four, he alleges that his sentence was "without penological justification" and "grossly out of proportion to the severity of the crime."

Respondent's assert that the Petition should be dismissed because:

(1) Cisneroz untimely filed the petition, nearly 6 years after the statute of

---

[4] This is the date Cisneroz delivered the Petition to prison officials (Doc. 1 at 11), as indicated by the date he inscribed next to his signature, *see Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (stating a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying the mailbox rule in the context of a habeas petition).

- 4 -

>limitations period from the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had expired; (2) Cisneroz waived his right to challenge all four grounds when he pleaded no contest; and (3) Cisneroz failed to properly exhaust all of his claims in the state courts, and, as a result, all four grounds are procedurally defaulted, without excuse.

(Doc. 10 at 2).

## III. LEGAL ANALYSIS

### A. AEDPA's Statute of Limitations and Statutory Tolling

A threshold issue for the Court is whether the habeas petition is time-barred by the statute of limitations. The time-bar issue must be resolved before considering other procedural issues or the merits of any habeas claim. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's habeas petition because he filed it after April 24, 1996, the effective date of the AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing *Smith v. Robbins*, 528 U.S. 259, 267 n.3 (2000)).

#### 1. One Year Limitations Period

Under the AEDPA, a state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a defendant is convicted pursuant to a guilty or no contest plea, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of right proceeding concludes. *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

Petitioner plead no contest pursuant to a plea agreement and was sentenced on December 14, 2007 (Exhibit F, Doc. 10-1 at 55-61). On January 10, 2008, Petitioner timely initiated his first PCR proceeding by filing a PCR notice (Exhibit H, Doc. 10-1 at 149-151). The superior court subsequently dismissed the PCR proceeding on September 4, 2008 (Exhibit N, Doc. 10-1 at 170-171), and Petitioner chose not to appeal the

dismissal (*see* Exhibit S, Doc. 10-2 at 92-98).

Consequently, Cisneroz's convictions became final 35 days later, on October 9, 2008, the date he could no longer seek further review. *See Summers*, 481 F.3d at 711-717; *see also* Ariz. R. Crim. P. 32.9(c) (requiring a petition for review that challenges the final decision in a PCR proceeding be filed with the Arizona Court of Appeals within 30 days); *State v. Savage*, 573 P.2d 1388, 1389 (Ariz. 1978) (holding that Rule 1.3 from the Arizona Rules of Criminal Procedure allows 5 additional days for mailing). Therefore, in the present case, AEDPA's 1-year statute of limitations began to run on October 9, 2008, and expired 1 year later, on October 9, 2009, unless a second, timely PCR proceeding was filed, which would have tolled the limitations period. *See Patterson*, 251 F.3d at 1245-46; section III(A)(2), *infra*.

2. Statutory Tolling

Under the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed within the state's required time limit, however, is not "properly filed," and is thus not entitled to statutory tolling. *Allen v. Siebert*, 552 U.S. 3, 6–7 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under AEDPA tolling provision); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

Petitioner's second, untimely PCR petition did not statutorily toll the running of the limitations period because an untimely petition is not a "properly-filed" application, and does not toll the running of the statute. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)") (internal quotation omitted); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Furthermore, because the limitations period had already expired on October 9, 2009, Petitioner could not restart the clock by filing a subsequent PCR application. "A state-court petition . . . that is filed following the

expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, Petitioner was required to file his federal habeas petition by October 9, 2009, absent any equitable tolling.[5]

### 3. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). However, for equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" to prevent him from timely filing a federal habeas petition. *Id*. at 649 (quoting *Pace v. DiGuglielma*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).

Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and internal emphasis omitted). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007).

A petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia*,

---

[5] Further, a second PCR proceeding that is deemed untimely does not toll the time between the first and second PCR proceedings. *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).

- 7 -

448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see also Ballesteros v. Schriro*, CIV-06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Further, a prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

In *Ramirez v. Yates*, the petitioner argued that he had limited access to the law library and copy machine during the period in which he remained in administrative segregation. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). In denying equitable tolling for that period of time, the Ninth Circuit has stated that "[o]rdinary prison limitations on [petitioner's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule—according to [petitioner's] theory, AEDPA's limitations period would be tolled for the duration of any and every prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well." *Id.*; *see also Gutierrez-Valencia v. Ryan*, No. CV-12-01318-PHX-JAT, 2014 WL 1762978, at *5 (D. Ariz. May 5, 2014) (where petitioner did not allege a complete lack of access to his legal file, only his being housed in lock down status in a maximum security facility, court held that "Petitioner has not provided this Court with any specific details regarding what legal materials he was seeking and how they would be of assistance in his habeas filing . . . [and] Petitioner does not dispute that his lock down status is an ordinary prison limitation."). *Cf. Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006) (finding that lack of access to Spanish language legal materials or assistance could entitle habeas petitioner to equitable tolling).

Petitioner bears the burden of proof on the existence of cause for equitable tolling.

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner apparently argues that he is entitled to equitable tolling due to a head injury resulting in a coma that arose from the indicted events in his state criminal case (Doc. 1 at 11, 13, 26-28; Doc. 11 at 4). Petitioner suffered the head injury and was in a coma for an unspecified duration in 2006 from the collision that killed Petitioner's two murder victims. *Id.* Petitioner's head injury was, thus, before Petitioner's plea agreement and sentencing for the convictions challenged in the Petition as well as before his first timely PCR petition in state court.

In *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010), the Ninth Circuit set forth a two-part test to determine when a habeas petitioner is eligible for equitable tolling based on a mental impairment. To establish such tolling, a petitioner must show:

> (1) [h]is mental impairment was an 'extraordinary circumstance' beyond his control . . . by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing[; and] (2) [d]iligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Id.* at 1099-1100; *see also Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (noting the *Bills* standard "reiterates the stringency of the overall equitable tolling test" and "the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence").

Petitioner asserts generally that he had memory loss from the head injury (Doc. 1 at 11, 27-28). As Respondents argue in their limited answer (Doc. 10), Petitioner's allegations regarding his mental health are insufficient to justify equitably tolling the

limitations period. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (finding claim of mental incapacity was not an "extraordinary circumstance" requiring equitable tolling when petitioner "made no factual showing of mental incapacity"); *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011) (noting "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations" and that "a causal link between the mental condition and untimely filing is required."). Petitioner does not even attempt to demonstrate how his head injury prior to conviction in the underlying case prevented him from understanding the need to timely file a habeas petition or rendered him completely unable to fill out the habeas petition form and file it timely. *See Bills*, 628 F.3d at 1099-1100.

Petitioner has failed to meet his burden of showing extraordinary circumstances or reasonable diligence that would justify equitable tolling. Additionally, the record does not reveal any extraordinary circumstances that prevented Petitioner from filing a timely federal habeas corpus petition. Because Petitioner has not presented circumstances and met his burden that would justify equitably tolling the AEDPA statute of limitations and there is no extraordinary circumstance reflected in the record which prevented the timely filing of a federal habeas corpus petition, the Petition is untimely and the Court will not consider Respondents' alternative grounds for denying habeas corpus relief. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002) (whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims).

## IV. CONCLUSION

Petitioner filed the pending Petition after the expiration of the AEDPA statute of limitations (which was on October 9, 20119), and statutory and equitable tolling do not render the petition timely. Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1).

Because the Petition is untimely, the Court does not consider Respondents' alternative grounds for denying habeas corpus relief. The Court will therefore recommend that the petition be denied and dismissed.

Assuming the recommendations herein are followed in the District Judge's judgment, the District Judge's decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists would not find it debatable whether the District Court was correct in its procedural ruling. Accordingly, to the extent the Court adopts this Report and Recommendation as to the Petition, a certificate of appealability should be denied.

**IT IS THEREFORE RECOMMENDED that** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED that** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

///

Dated this 25th day of October, 2016.

_____
Honorable Deborah M. Fine
United States Magistrate Judge