NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Paul Cisneroz,<br><br>        Petitioner,<br><br>v.<br><br>Charles L Ryan, *et al.*,<br><br>        Respondents. | No. CV-15-02000-PHX-JJT<br><br>**ORDER** |

    At issue are the Petition for Writ of Habeas Corpus filed by Michael Paul Cisneroz ("Petitioner") on October 2, 2015 (Doc. 1), to which Charles Ryan and the Attorney General of the State of Arizona ("Respondents") filed a Response (Doc. 10) and Petitioner filed a Reply (Doc. 11); and the Report and Recommendation ("R&R") prepared in this matter by United States Magistrate Judge Deborah M. Fine (Doc. 13), which recommends that this Court deny the Petition and dismiss it with prejudice. Petitioner timely filed an Objection to Report and Recommendation (Doc. 14), and Respondents filed a Response thereto (Doc. 15).

    A party's failure to file objections to the R&R is considered a waiver of a party's right to *de novo* consideration of the issues. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). It also constitutes a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the R&R. *See Robbins v. Carey*, 481 F.3rd 1143, 1146-47 (9th Cir. 2007). Respondents argue in their Response to Objections (Doc. 15) that the Court should find Petitioner's objections out of

compliance with Fed. R. Civ. P. 72(b)(2) because they "do no more than reiterate the same general assertions that [Petitioner] made in his habeas petition." (Doc. 15 at 1.) If the Court so finds, it may treat such objections as a failure to object and apply the waiver pursuant to *Reyna-Tapia*. *Warling v. Ryan*, 2013 WL 5276367 at *2 (D. Ariz. Sep. 19, 2013).

The Court nonetheless has undertaken a review of the issues presented in the Objections. Upon that review, the Court concludes that Magistrate Judge Fine's recommendations are wholly sound. The Court adopts in whole Judge Fine's R&R and the underlying reasoning. The Court expressly finds that under AEDPA's limitations period, Petitioner's Habeas Petition was due no later than October 9, 2009, unless a subsequent timely PCR proceeding was filed. None was filed timely, and thus the limitations period of AEDPA was not tolled, and his Petition of October 2, 2015, was thus nearly six years late. Petitioner's much later filing of an untimely second PCR petition after his first PCR review process became final did not reset the clock for the limitations period or otherwise operate as statutory tolling under AEDPA; and Petitioner provided no justification for equitable tolling.

In his Objection, Petitioner attempts to bootstrap his way into compliance with the equitable tolling analysis by arguing ineffective assistance of counsel leading up to his entry of a change of plea. This will not work. As Judge Fine correctly found, Petitioner does not begin to meet the requirements of *Bills v. Clark* to show eligibility for equitable tolling due to a mental impairment. 628 F. 3d 1092, 1099-1100 (9th Cir. 2010). Petitioner has made no showing of a but-for cause of delay relating to an injury he suffered before he entered his no contest plea and well before any of the deliverables at issue in this habeas matter became due. For all of those reasons, the Court will deny the Petition and dismiss it with prejudice.

IT IS ORDERED adopting the R&R (Doc. 13) in whole.

IT IS FURTHER ORDERED overruling Petitioner's Objection (Doc. 14).

IT IS FURTHER ORDERED denying the Petition for Writ of Habeas Corpus (Doc. 1).

IT IS FURTHER ORDERED denying a Certificate of Appealability upon the Court's conclusion that jurists of reason would not find its assessment of the constitutional claims to be debatable or wrong. The Clerk of Court shall close this matter.

Dated this 16th day of February, 2017.

*[signature]*
Honorable John J. Tuchi
United States District Judge